ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDO<br><br>V.<br><br>JOSÉ TEXIDOR PÉREZ<br><br>PETICIONARIO | KLCE202400816 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala de Guayama<br><br>Caso Núm.<br>G IS2007G0038<br><br>Sala: 0305<br><br>Sobre:<br>Artículo 142<br>(Agresión Sexual) |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

## RESOLUCIÓN *NUNC PRO TUNC*

En San Juan, Puerto Rico, a 16 de diciembre de 2024.

Comparece ante nos, por derecho propio, José Texidor Pérez, (en adelante, "el peticionario"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 26 de junio de 2024 y notificada el 8 de julio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Guayama. Mediante el referido dictamen, dicho tribunal declaró *No Ha Lugar* la "*Moción*" del peticionario.

Por los fundamentos que expondremos a continuación, se *deniega* el recurso presentado.

**I.**

El 17 de abril de 2008, el peticionario fue sentenciado por violación al Artículo 142 del Código Penal de 2004, Ley Núm. 149-2004, 33 LPRA sec. 4770 y al Artículo 75 de la Ley para el Bienestar y la Protección Integral de la Niñez, Ley Núm. 177-2003, 8 LPRA sec. 450c. En la referida determinación se ordenó que el cumplimiento de dichas penas sería de forma consecutiva. En la actualidad, el peticionario se encuentra confinado

en la Institución 501 del Complejo Correccional de Bayamón en cumplimiento de las aludidas penas carcelarias.

Según surge de la "*Minuta*" transcrita el 18 de abril de 2008, en el mismo acto de la sentencia de culpabilidad, el tribunal de instancia autorizó que el representante legal del peticionario fuera relevado de los servicios legales que hasta ese momento le prestaba al referido peticionario. Ante ello, dicho tribunal dictó una "*Orden Designando Abogado de Oficio.*" Mediante esta, se le designó al peticionario dos (2) abogados de oficio para asistirle en el resto de las etapas del proceso criminal. Los referidos abogados fueron relevados de su representación legal el día 2 de mayo de 2008, luego de que estos conversaran con el peticionario y éste consintiera a dicha renuncia.

Posteriormente, el 6 de mayo de 2008, el tribunal de instancia nuevamente emitió una "*Orden Designando Abogado de Oficio.*" Ello, a los efectos de designarle un representante legal al peticionario. Acto seguido, el 8 de mayo de 2008, el tribunal de instancia celebró una "*vista sobre el estado de los procedimientos.*" En lo pertinente, ordenó la realización de una entrevista entre el peticionario y el nuevo representante legal designado para su caso.[1]

Tras varios intentos de encontrar una representación legal para el recurrido, el 18 de junio de 2008, el tribunal de instancia emitió una "*Resolución.*" Mediante esta, reseñó que se habían gestionado sin éxito ocho (8) designaciones de abogado de oficio a favor del peticionario, agotándose así la lista de abogados de oficio. Ante ello, refirió el caso al Juez Administrador de la Región Judicial de Guayama para que se atendiera la solicitud de representación legal del peticionario.

---

[1] Además de las ordenes previamente esbozadas, el tribunal de instancia emitió ordenes los días 13 de mayo de 2008; 3 de junio de 2008; y 5 de junio de 2008 a los efectos de designarle un abogado de oficio al peticionario. El representante legal asignado para la fecha de 5 de junio de 2008 compareció al tribunal de instancia mediante una "*Moción en Oposición A Designación de Oficio.*" En su comparecencia explicó que fue abogado del peticionario para "la *vista sobre rebaja de fianza.*" No obstante, sostuvo que el referido peticionario le había solicitado que renunciara al caso. Por lo cual, argumentó que no podía ser el representante legal del peticionario, toda vez que él mismo peticionario le había expresado tener diferencias de criterio con su representación.

Así las cosas, el 26 de junio de 2008, nuevamente el tribunal de instancia emitió una "*Orden Designando Abogado de Oficio,*" a los fines de designarle una representación legal al peticionario. Posteriormente, el 20 de agosto de 2008, el abogado designado presentó una "*Moción Informativa y en Cumplimiento de Orden.*" Mediante esta, aseveró que se le realizó una entrevista al peticionario. Sobre el particular sostuvo, que los planteamientos del peticionario esencialmente iban dirigidos contra el abogado que le prestó defensa antes de que recayera sentencia en su contra, por lo que no visualizaba la existencia de elementos necesarios para apelar su sentencia. De igual modo señaló, que el referido peticionario se había caracterizado por no ser cooperador con sus representantes legales. Ante tales argumentos, solicitó que se le relevara de la representación legal designada.

En atención a dicha solicitud, el 19 de septiembre de 2008, el tribunal de instancia celebró una vista. En la "*Minuta*" transcrita en la misma fecha, el referido foro, entre otras cosas, señaló lo siguiente:

> El señor Texidor expresó su deseo que se le designara representación legal de oficio, ya que no contaba con los medios económicos para procedimientos post-sentencia. El Tribunal le ha designado mas de 10 abogados (le mencionó el nombre de los abogados). Todos han presentado razones de peso, para solicitar que se les releve y el Tribunal así lo ha dispuesto en todos y cada una de estas instancias.

Además, aceptó la renuncia de representación legal peticionada. Posteriormente, el 1 de mayo de 2008, el tribunal de instancia emitió una "*Resolución.*" Mediante esta, el referido tribunal determinó que no se harían más designaciones de abogado de oficio a favor del peticionario, dado que ya se habían agotado todos los trámites disponibles para el logro de ello. Luego de presentar infructuosamente una reconsideración para dicha "*Resolución,*" el peticionario acudió ante este Tribunal en aras de que se le asignara un abogado de oficio. Ante ello, el 26 de febrero de 2009, este Foro dictó una "*Sentencia,*" bajo el número de caso KLAN0801987. Mediante esta, determinó que el foro primario debía designarle un abogado de oficio al peticionario para que éste pudiera presentar un recurso de apelación sobre su sentencia condenatoria. En atención a dicho mandato,

el 5 de marzo de 2009, el tribunal de instancia emitió una nueva "*Orden Designando Abogado de Oficio.*"

Así las cosas, el 13 de abril de 2009, la abogada designada presentó una "*Apelación Criminal*" para el caso del peticionario. Sin embargo, el 29 de abril de 2009, bajo el caso KLAN200900486, esta Curia desestimó la "*Apelación Criminal*" por no cumplir con el término jurisdiccional para presentar un escrito de apelación. Posteriormente, el 30 de junio de 2010, el peticionario solicitó reconsideración del dictamen emitido el 29 de abril de 2009. En atención de la reconsideración presentada, el 27 de agosto de 2010, este Foro dictó una nueva "*Resolución*" bajo el caso KLCE1001073. Mediante esta, un panel hermano desestimó la petición de reconsideración, dado que se presentó de forma tardía, en contravención del término jurisdiccional dispuesto para ello.

Tras varias incidencias procesales que no son necesarias de pormenorizar, el 16 de mayo de 2019, el peticionario por conducto de su representante legal, radicó una "*Moción Solicitando Revisión de Sentencia y/o Nuevo Juicio al Amparo de la Regla 192.1 de Procedimiento Criminal y las Enmiendas V, VI y XIV de la Constitución de los Estados Unidos y el Artículo II sección 11 de la Constitución del ELA.*" En síntesis, solicitó que se anulara la sentencia condenatoria contra él dictada, y que se le celebrara un nuevo juicio en una región distinta a la que fue procesado. En esencia, apoyó su petición bajo el fundamento de que se le habían violentado sus derechos constitucionales a un juicio justo e imparcial y a una representación legal adecuada. Sobre este último, aseveró que nunca se le proveyó un representante legal en etapa apelativa. En reacción, el 11 de junio de 2019, el Ministerio Público presentó una "*Moción en Oposición a Solicitud de Nuevo Juicio.*" En síntesis, precisó que los argumentos esbozados por el peticionario no incidían en aspectos probatorios que lograran establecer una dudada razonable de su culpabilidad.

En atención de los escritos presentados, el 4 de septiembre de 2019, el tribunal de instancia celebró una "*vista argumentativa sobre las*

*mociones.*" En la misma fecha, tras las partes exponer sus posturas sobre el caso, el referido tribunal emitió una "*Resolución.*" Mediante esta, declaró *No Ha Lugar* la "*Moción Solicitando Revisión de Sentencia y/o Nuevo Juicio al Amparo de la Regla 192.1 de Procedimiento Criminal y las Enmiendas V, VI y XIV de la Constitución de los Estados Unidos y el Artículo II sección 11 de la Constitución del ELA*," presentada por el peticionario. Ello, bajo el fundamento de que el peticionario no había apoyado su solicitud con nueva evidencia. Además, declaró improcedentes la solicitud de re-sentencia y los argumentos sobre representación legal inadecuada del peticionario. Sobre el particular, esbozó que el peticionario nunca recurrió de la decisión del 27 de agosto de 2010 emitida por el tribunal intermedio, por lo que dicho dictamen era uno final y firme.

Luego de varios incidentes procesales, que no son pertinentes al asunto que nos atañe, el 17 de junio de 2024, el peticionario presentó ante el tribunal de instancia un escrito intitulado "*Moción.*" Mediante esta, solicitó que las penas carcelarias que extinguía en forma consecutiva fueran cambiadas para ser cumplidas de manera concurrente.[2] Dicha solicitud, nuevamente fue amparada en la Regla 192.1 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1. A su vez, sostuvo la procedencia del cambio de las penas carcelarias, bajo los mismos argumentos que había esbozado sobre la representación legal inadecuada en etapa apelativa.

En atención a la "*Moción,*" el 8 de julio de 2024, el tribunal de instancia notificó la "*Resolución*" que hoy nos ocupa. Mediante esta, declaró *No ha Lugar* la solicitud del peticionario. En desacuerdo, el 24 de julio de 2024, el peticionario compareció ante nos mediante un recurso de *certiorari*. A través de dicho recurso esbozó los siguientes señalamientos de error:

---

[2] De forma similar, el 2 de octubre de 2013, el peticionario había presentado ante el foro recurrido una "*moción para que se considere si procede el cambio de sentencia consecutiva a sentencia concurrente.*" El tribunal de instancia denegó dicha solicitud, y en descuerdo el peticionario recurrió ante el foro intermedio. Ante ello, el 30 de enero de 2014, este Tribunal bajo el caso KLCE201301619, denegó el recurso del peticionario.

a)  Erró [el Tribunal de Primera Instancia] al denegarme abogado de oficio para la primera, única y última oportunidad de apelar ante el Honorable Tribunal de Apelaciones [sic].

b)  Erró [el Tribunal de Primera Instancia] al entrar en contravención con las constituciones de Estados Unidos y la del Estado Libre Asociado de Puerto Rico.

c)  Erró el Hon. J. TPI al despojarme de los derechos constitucionales.

d).  Erró el Hon. J. TPI al abusar de su discreción.

Así las cosas, el 2 de octubre de 2024, emitimos una "*Resolución.*" Mediante esta, solicitamos en calidad de préstamo la elevación de los autos originales del caso. A su vez, le concedimos un término de treinta (30) días al Pueblo de Puerto Rico para que presentara su posición respecto al recurso de epígrafe. Ante ello, el 25 de noviembre de 2024, la Oficina del Procurador General presentó una "*Solicitud de Desestimación.*" En síntesis, sostuvo que el peticionario no había acompañado su recurso con la documentación necesaria, por lo que esta Curia carecía de jurisdicción para entrar en los méritos del asunto en cuestión.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

**A.      Recurso de *Certiorari*:**

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). A pesar de la amplitud de errores que pueden ser revisados mediante el *certiorari* este auto sigue siendo un recurso discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso. *Íd.*, pág. 918. Las resoluciones u órdenes dictadas por los tribunales de primera instancia son revisables ante este Tribunal de Apelaciones, mediante el recurso de *certiorari*. Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023). La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Íd.*; *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra,* dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G**. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

**B.     Regla 192.1 de las Reglas de Procedimiento Criminal:**

La Regla 192.1 de Procedimiento Criminal (Regla 192.1) autoriza a cualquier persona que se encuentre detenida por sentencia condenatoria a presentar una moción en la sede del Tribunal de Primera Instancia que la dictó para que anule, deje sin efecto o corrija la sentencia, alegando su derecho a ser puesto en libertad por cualquiera de los fundamentos siguientes: (1) la sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; o (2) el tribunal no tenía jurisdicción para imponer dicha sentencia; o (3) la sentencia impuesta excede de la pena prescrita

por la ley, o (4) la sentencia está sujeta a ataque colateral por cualquier motivo. 34 LPRA Ap. II, R. 192.1 (a); *Pueblo v. Hernández Doble*, 210 DPR 850, 862 (2022).

La referida regla explica detalladamente lo que deberá incluirse en la moción y cómo el TPI habrá de evaluarla, al disponer, en lo aquí pertinente, que:

> (a)    […]
> La moción para dichos fines podrá ser presentada en cualquier momento. En la moción deberán incluirse todos los fundamentos que tenga el peticionario para solicitar el remedio provisto en esta regla. Se considerará que los fundamentos no incluidos han sido renunciados, salvo que el tribunal, con vista de una moción subsiguiente, determine que no pudieron razonablemente presentarse en la moción original.
>
> (b) Notificación y vista. A menos que la moción y los autos del caso concluyentemente demuestren que la persona no tiene derecho a remedio alguno, el tribunal dispondrá que se notifique con copia de la moción, si se trata de una sentencia dictada por el Tribunal de Primera Instancia, al fiscal de la sala correspondiente, y si se trata de una sentencia dictada por el Tribunal de Distrito, al fiscal de la sala del Tribunal de Primera Instancia a la cual puedan apelarse las sentencias de dicho Tribunal de Distrito. El tribunal proveerá asistencia de abogado al peticionario si no la tuviere, señalará prontamente la vista de dicha moción, se asegurará de que el peticionario ha incluido todos los fundamentos que tenga para solicitar el remedio, fijará y admitirá fianza en los casos apropiados, establecerá las cuestiones en controversia y formulará determinaciones de hecho y conclusiones de derecho con respecto a la misma.
>
> Si el tribunal determina que la sentencia fue dictada sin jurisdicción, o que la sentencia impuesta excede la pena prescrita por la ley, o que por cualquier motivo está sujeta a ataque colateral, o que ha habido tal violación de los derechos constitucionales del solicitante que la hace susceptible de ser atacada colateralmente, el tribunal la anulará y dejará sin efecto y ordenará que el peticionario sea puesto en libertad, o dictará una nueva sentencia, o concederá un nuevo juicio, según proceda.
>
> El tribunal podrá considerar y resolver dicha moción sin la presencia del solicitante en la vista, a menos que se plantee alguna cuestión de hecho que requiera su presencia. […].  34 LPRA Ap. II, R.192.1

Según se desprende de la precitada norma, el mecanismo procesal al amparo de la Regla 192.1, *supra,* se puede presentar en cualquier momento, para atacar colateralmente la validez o constitucionalidad de una sentencia criminal cuando el convicto está cumpliendo prisión por ésta. *Pueblo v. Román Mártir*, 169 DPR 809, 824 (2007). Los fundamentos para solicitar la revisión de una sentencia bajo este mecanismo se limitan a planteamientos de derecho, por lo que no puede ser utilizado para revisar

señalamientos sobre cuestiones de hechos que hubieren sido adjudicadas por el tribunal. *Íd.*

Además, la culpabilidad o inocencia del convicto no es un asunto susceptible de plantearse bajo este procedimiento, sino la cuestión de si la sentencia impugnada está viciada por un error fundamental que contradice la noción más básica y elemental de lo que constituye un procedimiento criminal justo. *Pueblo v. Rosario Paredes*, 209 DPR 155, 163 (2022); *Pueblo v. Román Mártir*, supra, pág. 824. En este sentido, el recurso al amparo de la Regla 192.1, *supra*, sólo está disponible cuando la sentencia adolece de un defecto fundamental que conlleva inevitablemente una violación al debido proceso de ley. *Pueblo v. Pérez Adorno*, 178 DPR 946, 966–967 (2010).

Según vimos la Regla 192.1 dispone que una vez se presente una solicitud fundamentada, el tribunal señalará una vista para adjudicar la misma. 34 LPRA Ap. II, R.192.1(b). Si de la moción y del expediente del caso no surge concluyentemente que la persona no tiene derecho al remedio que confiere la regla, el tribunal no tiene discreción y viene obligado a celebrar la vista. *Pueblo v. Rivera Montalvo*, 205 DPR 353, 375 (2020). Solo podrá denegar la solicitud sin celebrar la vista cuando la moción y los autos del caso concluyentemente demuestren que la persona no tiene derecho a remedio alguno. *Íd.*

**III.**

En el recurso presentado, el peticionario alega que se le violentó su derecho a tener asistencia de abogado para su primera apelación. Ante la aducida violación, solicita como remedio que las penas carcelarias que extingue en forma consecutiva sean cambiadas para ser cumplidas de manera concurrente. Tras una revisión cuidadosa del expediente ante nuestra consideración, así como de los auto originales del caso, determinamos *denegar* el recurso presentado.

Conforme esbozado, la regla 192.1 *supra*, es un mecanismo postsentencia que se utiliza para anular, dejar sin efecto o corregir una

sentencia condenatoria. Para la procedencia de tal mecanismo, la sentencia condenatoria debe estar viciada por un error fundamental que contradiga la noción básica de un procedimiento criminal justo.

Así pues, al examinar los criterios esbozados en la Regla 40 de nuestro Reglamento, determinamos que el presente caso no reúne los requisitos necesarios para que inclinemos nuestra discreción hacia la expedición del auto de *certiorari*. No surge de la determinación recurrida algún vicio de parcialidad, prejuicio o error manifiesto. En consecuencia, *denegamos* el recurso presentado.

**IV.**

Por los fundamentos expuestos, *denegamos* el recurso de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones